CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

SEP 11 2014

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| RENE' ELLIS, | ) | CASE NO. 7:14CV00486 |
| | ) | |
|     Petitioner, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| WARDEN CHRISTOPHER ZYCH, | ) | By: Hon. Glen E. Conrad |
| | ) | Chief United States District Judge |
|     Respondent. | ) | |

Rene' Ellis, a federal inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, seeking an immediate court order to prevent his expected transfer to a different prison, where he fears for his life. This court will summarily dismiss the petition,[1] without prejudice to any right Ellis may have to assert his claims in a properly filed civil rights action under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

Ellis is currently an inmate at the United States Penitentiary in Jonesville, Virginia ("USP Lee"). He alleges that on September 5, 2014, two days before he prepared and mailed this § 2241 petition, the respondent said that Ellis would be transferred to "USP McCreary" on September 16, 2014. Ellis states that, for various reasons, he believes his life will be in danger if he is transferred to USP McCreary. Ellis also contends that § 2241 provides authority for this court to order officials, for safety reasons, not to transfer him. He claims that no Bureau of Prisons ("BOP") administrative remedy is available to address his emergency situation, because the remedies procedures take too long to process.

---

[1] Habeas Rule 4 requires the court to examine a petition prior to ordering an answer and to summarily dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." See 28 U.S.C. § 2254 Rule 4, applicable to § 2241 petitions through Habeas Rule 1(b).

A § 2241 habeas petition is not the proper forum for Ellis to use for seeking his desired relief. Federal law provides two avenues of relief to prisoners: a petition for habeas corpus and a civil rights complaint. Muhammad v. Close, 540 U.S. 749, 750 (2004). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus [while] requests for relief turning on circumstances of confinement may be presented in a § 1983 [or Bivens] action." Id. Section 2241(c) provides that "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." § 2241(c)(3). Because Ellis is not contesting the fact or the duration of his confinement by the BOP, his claim is not properly addressed in a § 2241 habeas petition.

As Ellis is proceeding pro se, the court could construe his submission as a civil rights action under Bivens. Ajaj v. Smith, 108 F. App'x 743, 743 (4th Cir. July 27, 2004). Because Ellis admits, however, that he has not availed himself of the administrative remedies within the BOP, his lawsuit is barred under 42 U.S.C. § 1997e(a), which requires full exhaustion before filing this court action. Therefore, the court will not construe the present action as a Bivens case.

Furthermore, Ellis' action does not present facts warranting the interlocutory injunctive relief he seeks. A party seeking a preliminary injunction must make a clear showing "[1] that he is likely to succeed on the merits; [2] he is likely to suffer irreparable harm in the absence of preliminary relief; [3] that the balance of equities tips in his favor; and [4] an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008)). A mere possibility that the movant will incur irreparable harm in the absence of court intervention is insufficient grounds for relief. Id. at 20. Ellis does not present any more than his generalized fears and speculation about possible dangers he would face if housed in the general population at

2

USP McCreary. Yet, he states no facts suggesting that officials at USP McCreary, if informed of Ellis' need for protection, would assign him to the general population rather than providing some other category of custody similar to his current situation at USP Lee. Ellis also has no substantial likelihood of succeeding on his claim that he has some protected right not to be transferred to a particular BOP facility. "The BOP has discretion to determine where and under what conditions a federal prisoner is housed" and inmates do "not have a protected liberty interest in remaining at" any particular prison or category of prison. Ajaj, 108 F. App'x at 743 (citing Bell v. Wolfish, 441 U.S. 520, 539, 540-41 n. 23 (1979); Sandin v. Conner, 515 U.S. 472, 484 (1995)).

For the stated reasons, the court cannot address, under § 2241, Ellis' request to stop his scheduled transfer and finds no basis for interlocutory injunctive relief in any form. Therefore, the court will dismiss the action without prejudice and deny Ellis' pending motions. An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 11th day of September, 2014.

_____
Chief United States District Judge